UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:06CV-125-R

WALTER GATEWOOD, et ux.                                                                              PLAINTIFFS

v.

UNIVERSAL UNDERWRITERS LIFE INSURANCE COMPANY                           DEFENDANT

### MEMORANDUM OPINION

This matter is before the Court on Defendant's Motion to Bifurcate the Plaintiffs' Claims and Stay Discovery (Docket #10). Plaintiffs filed a response (Docket #12) to which Defendant has replied (Docket #13). This matter is now ripe for adjudication. For the reasons that follow, Defendant's Motion is GRANTED.

### BACKGROUND

This case arises from the denial of Walter Gatewood's claim for benefits under a credit disability insurance policy issued by Defendant. On January 20, 2005, Gatewood completed an application for the subject policy in which he affirmed that he had not received medical advice or treatment for a disorder of the back and spine during the three years prior to the effective date on the policy. Defendant later discovered that Gatewood had been continuously treated by a chiropractor during the three years prior to executing the application. Defendant states that if Gatewood had disclosed this treatment at the time he submitted the application, the credit disability policy would not have been issued. Defendant claims that Gatewood was not eligible for the credit disability coverage at the time of purchase and, therefore, the policy is void *ab initio* and coverage is not in order. Defendant notified Gatewood, in writing, explaining the reason his claim was denied.

On June 27, 2006, Gatewood and his wife filed a lawsuit against Defendant in Graves Circuit Court asserting breach of contract and various bad faith claims. The case was removed to this Court on July 26, 2006.

## DISCUSSION

A prerequisite to any bad faith claim under Kentucky law is a finding that "the insurer is obligated to pay under the policy." *Curry v. Fireman's Fund Ins. Co.*, 784 S.W.2d 176, 178 (Ky. 1989) (Stephens, C.J., concurring). Defendant contends that the policy was void *ab initio* and that at a minimum, there is a dispute regarding whether Gatewood is an insured under the credit disability policy. In order for Plaintiffs to prevail on the bad faith claims, there must first be a finding that Defendant is obligated to pay under the policy. *Id.*

In *Wittmer v. Jones*, the Kentucky Supreme Court set forth the proper procedure for adjudicating a case containing both an underlying claim and a bad faith claim. 864 S.W.2d 885 (Ky. 1993). In *Wittmer*, the plaintiff sued a party named Jones in tort for property damage to her car and in the same complaint sued State Farm Insurance for various bad faith claims. *Id.* at 887. The Kentucky Supreme Court stated that a bifurcated procedure was the proper way to try the case. *Id.* at 891. The court, relying on the Dissenting Opinion in *Federal Kemper Insurance Co. v. Hornback*, 711 S.W.2d 844 (Ky. 1986), found that bifurcation better protected the rights of the two different defendants as it kept out of the first trial "evidence which was relevant to the issue of bad faith but unnecessary and possibly prejudicial . . . in the trial of the preliminary question of liability." *Id.* (quoting *Federal Kemper*, 711 S.W.2d at 849). The Dissenting Opinion in *Federal Kemper* was incorporated by reference into the Majority Opinion in *Curry v. Fireman's Fund Ins. Co.*, 784 S.W.2d at 178.

Plaintiff asserts that the decision in *Wittmer* is not controlling in the present case, as *Wittmer* involved two separate claims against two defendants, whereas the present case only involves claims against a single defendant and thus Defendant is a viable party at every stage of the proceedings. However, the Dissenting Opinion on which the court in *Wittmer* relied only involved claims against a single defendant. *Federal Kemper*, 711 S.W.2d at 844. There, the Dissenting Opinion stated that "[a] bifurcated procedure was the proper way to try the present case" as it "better protected the rights of the insurance company/movant because it kept out of the contract phase evidence which was relevant to the issue of bad faith but unnecessary and possibly prejudicial to the insurance company in the trial of the preliminary question of liability under the insurance contract." *Id.* at 849. Thus, the controlling issue is whether there is an underlying claim in addition to the bad faith claim rather than whether there are multiple defendants.

Therefore, this Court finds that a bifurcated procedure is the proper way to try the present case. The Court also finds that discovery on the bad faith claims should be stayed pending the resolution of the underlying contract claim in order to avoid the product of privileged documents irrelevant to the contract action and prejudicial to the insurer in the contract action. *See In re Bergeson*, 112 F.R.D. 692, 697 (D. Mont. 1986) (finding that underlying contract action must first be resolved for insurance company's claims file to be discoverable in bad faith action); *Md. Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982) (finding that in suit involving two theories of recovery, the first seeking payment on a bond and the second recovery for insurance company's bad faith dealings, insurance company was entitled to assert work product and attorney-client privilege with regard to its investigative files so long as its liability on the bond remained undetermined).

## CONCLUSION

For the foregoing reasons the Defendant's Motion to Bifurcate the Plaintiffs' Claims and Stay Discovery is GRANTED.

An appropriate order shall issue.